SCARBOROUGH VS. STATE USE, ETC.

The failure of an executor or administrator to present his account, annually, for settlement in the probate court, as prescribed by the statute, is a breach of the condition of his bond, for which any person interested in the estate may maintain an action: but by no rule of construction can it be held, that the statute fixes the measure of damages at the entire value of the estate in the hands of the executor or administrator.

A person interested in the estate may recover such damages as he has sustained by the failure of the administrator to make his settlement. If no special damage is alleged and proven, he can then recover only nominal damages.

*Error to Chicot Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

GARLAND & RANDOLPH, and STILLWELL & WOODRUFF, for plaintiffs.

Mr. Justice COMPTON delivered the opinion of the court.

This was an action of debt for the use of the distributees of William Scarborough, deceased, on an administration bond.

At the trial in the court below it was proven that the administrators filed in the probate court, on the 29th day of January, 1857, their account current for settlement, which, after being continued as prescribed by law, was confirmed by the court, showing a balance in their hands of $2,843.33 3-4; and that up to the time of the trial—a period of four years—no other settlement had been made. Upon these facts, the circuit judge instructed the jury that if they believed from the evidence that the administrators did not make annual settlements of their administration, they must find for the plaintiff the amount of the estate shown to be in their hands. This instruction was erroneous. By *sec.* 122, *chap.* 4, *Gould's Dig.*, it is made the duty of every executor or administrator, at the first term of the probate court,

after one year from the date of his letters, and at the corresponding term of the court every year thereafter, to present to said court an account current, in which he shall charge himself with the whole amount of the estate, and credit himself with all sums of money lawfully expended in settling the same; and though an omission to discharge this duty is a breach of the condition of his bond, for which, under sections 139 and 191, of the same chapter of the Digest, any person interested in the estate may maintain an action, only such damage as may have been sustained by reason of the failure to settle, at the stated periods prescribed by law, can be recovered. We know no rule of construction that would warrant us in holding that the statute, above referred to, fixes the measure of damages at the value of the entire estate ascertained to be in the hands of the executor or administrator. If no specific amount of damage is shown to have been sustained, the party injured is entitled to nominal damage only. There was no breach assigned in the declaration, alleging mismanagement and waste of the estate; but if there had been, and the jury had found the breach true, the value of so much only of the estate as was mismanaged and wasted, could have been recovered.

The instruction moved in behalf of the defendants, had no application to the case made upon the pleadings and evidence, and was, therefore, properly refused.

For the error indicated, the judgment must be reversed, and the cause remanded for further proceedings.